# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **BLAYNE D. WILLIAMS, SR.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KAREN D. WILLIAMS, B. RENEE** | § | **Case No. 1:20-CV-917-LY** |
| **CRENSHAW, CRYSTAL FLETCHER,** | § | |
| **and NAPOLEON MOFFETT,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Karen D. Williams' Second Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed December 24, 2020 (Dkt. 5); Plaintiff's Response, filed January 15, 2021 (Dkt. 11); Defendant Williams' Motion for Rule 11 Sanctions, filed January 22, 2021 (Dkt. 13); and Defendant Williams' Motion for Attorney's Fees, filed February 2, 2021 (Dkt. 14). The District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

In August 2018, Karen Williams ("Defendant") filed a petition for divorce from Blayne D. Williams, Sr. ("Plaintiff") in the 353rd Judicial District Court of Travis County, Texas ("State Court"). Dkt. 1 at ¶ 8. The parties subsequently entered into a "Rule 11 Agreement" dividing their community property and declaring that the marriage "will be dissolved on the ground of

insupportability." Dkt. 1-1 at 13. The parties failed to come to an agreement as to how their marital residence and two retirement plans should be divided. Dkt. 13-1 at 9-10. Accordingly, on August 5, 2020, after a hearing, the State Court ruled from the bench that Defendant's retirement account was community property and ordered that Defendant could sell the marital residence. *Id.* at 53-54. The State Court also ordered Plaintiff to pay Defendant $2,500 in attorney's fees due to his repeated refusal to attend scheduled mediations. *Id.* at 56. Finally, the State Court ordered Defendant's counsel to prepare a final divorce decree, circulate it "for approval as to form," then submit it for the judge's signature. *Id.* at 64. The State Court further stated that the divorce would "be effective this date for the purposes of the [Qualified Domestic Relations Order]." *Id.* at 60. Plaintiff has attached an unsigned draft of the proposed "Final Decree of Divorce" to his Complaint, but has not indicated whether a final divorce decree was entered. Defendant contends that the divorce proceedings are ongoing. Dkt. 5 at 10-11.

On September 4, 2020, Plaintiff filed this suit under 42 U.S.C. § 1983 against Defendant; Defendant's divorce attorneys, E. Renee Crenshaw and Crystal Fletcher; and Napoleon Moffett, who Plaintiff claims broke up his marriage. Plaintiff alleges that the State Court denied him his right to a jury trial in his divorce proceedings, in violation of the Seventh Amendment to the United States Constitution and Article I, § 15 of the Texas Constitution. Plaintiff also alleges that the State Court's rulings on the division of marital property violated his due process rights under the Fifth and Fourteenth Amendments. Finally, Plaintiff alleges state law tort claims of invasion of privacy, tortious interference with a contract, intentional infliction of emotional distress, fraud, and civil fraud. Plaintiff seeks equitable relief, monetary damages, and attorney's fees and costs.

Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and alternatively under Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim on which relief can be granted. Defendant also seeks sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11(b).

## II.    Motion to Dismiss

Defendant first argues that Plaintiff's lawsuit should be dismissed under Rule 12(b)(1) because Plaintiff failed to comply with a pre-filing injunction requiring him to obtain permission from the Fifth Circuit or a District Court in this district before filing suit. Alternatively, Defendant argues that Plaintiff's case should be dismissed because it is barred by the *Rooker-Feldman* doctrine and fails to state a claim on which relief can be granted as required by Rule 12(b)(6). Plaintiff opposes the motion.

The Court addresses Defendants' jurisdictional arguments first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### A.  Rule 12(b)(1)

Defendant argues that Plaintiff's lawsuit should be dismissed under Rule 12(b)(1) for failing "to fulfill a jurisdictional prerequisite to bringing his Complaint" because he failed to obtain permission from the Fifth Circuit or a District Court in this district to file this lawsuit. Dkt. 5 at 2. Plaintiff fails to respond to this argument.

This is not the first case Plaintiff has filed in the Western District of Texas. Plaintiff, a former police officer with the Austin Police Department, has filed several lawsuits related to his employment. *See Williams v. City of Austin*, No. 1:16-cv-1338-RP, at 1-2 (W.D. Tex. Jan. 12, 2018) (reviewing prior litigation). On June 18, 2018, the Honorable Sam Sparks dismissed one of Plaintiff's cases for failure to prosecute and imposed the following pre-filing injunction:

> IT IS FINALLY ORDERED Blayne D. Williams, Sr. may not file any further lawsuits in the Western District of Texas without first obtaining consent to file from either a United States District Court for the Western District of Texas or the Fifth Circuit Court of Appeals.

*Williams v. City of Austin*, No. 1:17-cv-1213-SS (W.D. Tex. June 15, 2018) (Dkt. 7 at 1-2), *aff'd*, 752 F. App'x 194 (5th Cir.), *cert denied*, 140 S. Ct. 239 (2019).

Plaintiff failed to obtain permission to file this lawsuit from either the Fifth Circuit or a District Court in this district. Therefore, the Court agrees with Defendant that Plaintiff's lawsuit should be dismissed. This case should not, however, be dismissed for lack of subject matter jurisdiction, as Defendant contends.

"Jurisdiction," as the Supreme Court has observed, "is a word of many, too many, meanings." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1848 (2019). The word "jurisdictional" "is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction)." *Id.* In addition, Congress may make other prescriptions jurisdictional by incorporating them into a jurisdictional provision, such as the amount-in-controversy requirement for diversity jurisdiction. *Id.* at 1849 (citing 28 U.S.C. § 1332(a)).

The Court "has stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* The Court has characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief, including the Antiterrorism and Effective Death Penalty Act's requirement that a certificate of appealability "indicate the specific issue" warranting issuance of the certificate, *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2253(c)(3)); Title VII's time limit for filing a charge with the EEOC, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393

(1982); and the Copyright Act's requirement that parties register their copyrights before commencing an infringement action, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010). Most recently, in *Ford Bend*, the Supreme Court held that Title VII's charge-filing requirement is not jurisdictional, reasoning:

> Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) (giving federal courts "jurisdiction [over] actions brought under this subchapter"). Separate provisions of Title VII, § 2000e–5(e)(1) and (f)(1), contain the Act's charge-filing requirement. Those provisions do not speak to a court's authority, or refer in any way to the jurisdiction of the district courts.
>
> Instead, Title VII's charge-filing provisions speak to a party's procedural obligations. They require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action. Like kindred provisions directing parties to raise objections in agency rulemaking, follow procedures governing copyright registration, or attempt settlement, Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.

*Id.* at 1850-51.

The Court similarly finds that Judge Sparks' pre-filing injunction is a mandatory procedural rule, not a jurisdictional prescription. Dismissal under Rule 12(b)(1) thus would be inappropriate. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2021) ("[T]he objection presented by a motion under Rule 12(b)(1) challenging the court's subject matter jurisdiction is that the district judge has no authority or competence to hear and decide the case before it.").

### B.  Rule 41(b)

Instead of Rule 12(b)(1), the Court finds dismissal under Rule 41(b) to be appropriate. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court has the inherent power to dismiss an action *sua sponte* for failure to prosecute or comply with a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Because Plaintiff failed to comply with a court order by filing this suit without permission, this case should be dismissed under Rule 41(b). *See Griggs*, 905 F.3d at 845 ("The district court was well within its discretion to dismiss this case for want of prosecution in response to [plaintiff's] disobedience to its prior order.").

The Court further finds that this case should be dismissed with prejudice under Rule 41(b). Dismissal with prejudice under Rule 41(b) is appropriate when there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." Here, there is a clear record of contumacious conduct. Because Plaintiff filed this case in clear violation of Judge Sparks' Order, it should be dismissed with prejudice. *See Stanford v. Godbey*, No. 3:20-CV-00115-E-BT, 2020 WL 7700632, at *3 (N.D. Tex. Dec. 10, 2020) (dismissing complaint under Rule 41(b) with prejudice where plaintiff failed to comply with pre-filing injunction requiring him to get approval before filing suit), *R. & R. adopted*, 2020 WL 7698741 (N.D. Tex. Dec. 28, 2020).

### C.  Conclusion as to Motion to Dismiss

The Court recommends that this case be dismissed with prejudice under Rule 41(b). Therefore, the Court need not address the remaining arguments in the Motion to Dismiss.[1]

---

[1] Even if Plaintiff had complied with the court order and sought consent to file this lawsuit, such consent would be denied because federal courts traditionally have left "delicate issues of domestic relations to the

### III.    Rule 11 Motion for Sanctions

Defendant asks the Court to sanction Plaintiff under Federal Rule of Civil Procedure 11(b) for filing this "frivolous, vexatious" lawsuit. Dkt. 13 at 4. Defendant argues that Plaintiff filed this case to harass her, cause unnecessary delay, and increase the cost of litigation. Defendant points out that Plaintiff litigated all claims asserted in his Complaint in the divorce proceedings except his Seventh Amendment claim. Thus, Defendant argues, Plaintiff's lawsuit is "repetitious and duplicative of the claims in the state court action." *Id.* at 3. Defendant further contends that this suit is Plaintiff's latest effort to delay his divorce proceedings, emphasizing that Plaintiff already has been sanctioned by the State Court for his delay tactics. Defendant argues that Plaintiff's suit "has caused Movant to incur unnecessary and burdensome attorney's fees in the service of vindicating his desire to continue to prolong the divorce action and to cause her additional costs." *Id.* at 6. Defendant asks the Court to sanction Plaintiff by awarding Defendant reasonable attorney's fees and issuing an order preventing Plaintiff from filing any lawsuits against Defendant in this district without first obtaining permission from "an appropriate federal judicial officer granting permission to do so." *Id.* at 7.

Plaintiff did not respond to the Motion for Sanctions. However, "a district court may never grant a Rule 11 motion because it is unopposed and must always make a determination of the merits of the rule violation." *Webb v. Morella*, 457 F. App'x 448, 454 n.5 (5th Cir. 2012).

---

state courts." *Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. Nov. 16, 2009). To the extent that Plaintiff's divorce proceedings are ongoing in state court, the Court would abstain from reviewing the case under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 (1943); *see also Peterson v. Peterson*, No. 4:18-CV-4837, 2019 WL 8017862, at *7 (S.D. Tex. Oct. 30, 2019) (dismissing divorce and property dispute under Burford), *R. & R. adopted*, 2020 WL 883224 (S.D. Tex. Feb. 21, 2020). Once Plaintiff's state court divorce proceedings are complete and a final judgment has been entered, any challenges to the state court's rulings would be barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

### A.  Defendant Is Entitled to Attorney's Fees Under Rule 11

Rule 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—
> whether by signing, filing, submitting, or later advocating it—an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable
> under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to
> > harass, cause unnecessary delay, or needlessly increase the cost of
> > litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted
> > by existing law or by a nonfrivolous argument for extending,
> > modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if
> > specifically so identified, will likely have evidentiary support after
> > a reasonable opportunity for further investigation or discovery . . . .

Rule 11(c) provides sanctions for violations of Rule 11(b). "If, after notice and a reasonable

opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is

responsible for the violation." Rule 11(c)(1). Under Rule 11(c)(4):

> A sanction imposed under this rule must be limited to what suffices
> to deter repetition of the conduct or comparable conduct by others
> similarly situated. The sanction may include nonmonetary
> directives; an order to pay a penalty into court; or, if imposed on
> motion and warranted for effective deterrence, an order directing
> payment to the movant of part or all of the reasonable attorney's fees
> and other expenses directly resulting from the violation.

The Fifth Circuit has found that pre-filing injunctions and even dismissals are appropriate

sanctions under Rule 11. *See Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, 770 F. App'x 658, 661

(5th Cir. 2019) (stating that dismissal may be an appropriate sanction under Rule 11); *Farguson v.*

*MBank Houston*, *N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986) (finding that pre-filing injunction is

an appropriate sanction under Rule 11); *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL

4727421, at *2 (E.D. Tex. Sept. 27, 2019) (imposing pre-filing injunction as sanction under Rule 11 to prevent plaintiff's repeated attempts to delay state court divorce proceedings by filing removals to federal court); *Copeland v. Minton*, No. 3:16-CV-726-L, 2016 WL 7971584, at *8 (N.D. Tex. Dec. 29, 2016) (noting that dismissal is an appropriate sanction under Rule 11), *R. & R. adopted*, 2017 WL 303025 (N.D. Tex. Jan. 23, 2017).

The Court finds that Plaintiff's suit was designed to harass Defendant, delay the state court divorce proceedings, and increase Defendant's litigation costs, all in violation of Rule 11(b). Plaintiff's suit also was filed in violation of Judge Sparks' pre-filing injunction. Judge Sparks warned Plaintiff that "the filing of frivolous and repetitious lawsuits by [Plaintiff] in the future may well result in sanctions including payment of the defendants' attorneys' fees as well as costs." Dkt. 7 at 2. Despite these warnings and sanctions, Plaintiff filed this suit in direct violation of a standing order and in an effort to delay the divorce proceedings.

Accordingly, the Court finds that Plaintiff should be sanctioned by awarding Defendant her reasonable attorney's fees incurred in responding to this lawsuit and in preparing and presenting the Motion for Sanctions. *See Janosek v. Gonzalez*, No. 2:17-CV-111, 2017 WL 8944035, at *3 (S.D. Tex. May 19, 2017) (recommending granting respondent's request for attorney's fees under Rule 11 where "removal was filed for delay and to prolong his divorce and custody litigation with Respondent"), *R. & R. adopted*, No. 2:17-CV-111, 2017 WL 3474104 (S.D. Tex. Aug. 11, 2017).

The Court finds that Defendant's request to issue another pre-filing injunction against Plaintiff is unnecessary because Judge Sparks' pre-filing injunction remains in effect. However, the Court will direct the Clerk to block any future filing in this district by Plaintiff unless he has demonstrated that he has received permission to do so by a District Court in this district or the Fifth Circuit.

**B.  Defendant's Request for Attorney's Fees is Reasonable**

Defendant asks that she be awarded $6,997.50 in attorney's fees she incurred in responding to the lawsuit and preparing the Motion for Sanctions. The Court finds that Defendant's fee request is reasonable.

Courts use the "lodestar method" to calculate an appropriate fee award. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. *Id.* There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

**1.  Hourly Rates**

To establish the reasonable hourly rate, the trial court must look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). Defendant's attorney, Leonard Green, has submitted an affidavit in support of the Motion in which he states that although his hourly rate is normally $325, he represented Defendant at a reduced rate

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

of $225. Dkt. 14-1 at 2. Green's affidavit provides detailed information on his legal experience and his practice. *Id.* Green has been practicing laws since 1982.

The Court finds that Green's hourly billing rate is reasonable for his respective market as it is at or below the market rate. *See Am. Acad. of Implant Dentistry v. Parker,* Cause No. AU-14-CA-00191-SS, 2018 WL 401818, at *4 (W.D. Tex. Jan. 11, 2018) (approving hourly rate of $275 and $375); *Medina v. Fed. Janitorial Serv.*, No. EP-12-CV-350-PRM, 2013 WL 8480147, at *6 (W.D. Tex. Sept. 24, 2013) (stating that court may rely on prior decisions and knowledge of prevailing market rates); *Black v. Pan Am. Labs.*, LLC, No. A-07-CV-924-LY, 2012 WL 12950044, at *5 (W.D. Tex. Feb. 15, 2012) (approving hourly rate of $200 and $300).

### 2. Time Expended

Next, the Court reviews the time records to determine whether the hours expended on the case are reasonable. The reasonable number of hours is determined by eliminating duplicative, unproductive, excessive, or otherwise unnecessary hours. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Green's affidavit shows that he billed Defendant for 31.1 hours expended on the case. Dkt. 14-1 at 3. The Court finds the time expended on the case and motions to be reasonable.

### 3. Computation of the Lodestar Amount

Multiplying 13.1 hours by the reasonable hourly rate of $225, the lodestar amount for Green is $6,997.50. The Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors, and no further adjustment is warranted. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After considering all of the relevant factors, the undersigned recommends that the District Court grant Defendant's Motion for Attorney's Fees in the amount of $6,997.50.

## IV.     Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT IN PART** Defendant Karen D. Williams' Second Motion to Dismiss (Dkt. 5) and **DISMISS** Plaintiff's suit under Federal Rule of Civil Procedure 41(b) with prejudice.

The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT IN PART** Defendant Williams' Motion for Rule 11 Sanctions (Dkt. 13) and award Defendant Williams reasonable attorney's fees. **IT IS FURTHER RECOMMENDED** that the District Court **GRANT** Defendant's Motion for Attorney's Fees (Dkt. 14) in the amount of $6,997.50.

To effectuate the District Court's order in *Williams v. City of Austin*, No. 1:17-cv-1213-SS (W.D. Tex. June 15, 2018) (Dkt. 7 at 1-2), **IT IS ORDERED** that the Clerk block Plaintiff from filing any future lawsuit in the Western District of Texas without "first obtaining consent to file from either a United States District Court for the Western District of Texas or the Fifth Circuit Court of Appeals."

It is finally **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 17, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE